IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDY LEE FOOTS, § | |
| Petitioner, § | |
| § | 3:16-CV-1489-B |
| v. § | 3:07-CR-0285-B |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255.  After a jury trial, Petitioner was convicted of interfering with commerce by threats ("Hobbs Act"), in violation of 18 U.S.C. § 1951(a) (Count One); and using, carrying, and brandishing a firearm during and relation to a crime of violence (Count Two) in violation of 18 U.S.C. § 924(c).  On October 31, 2008, the district court sentenced Petitioner to 240 months on Count One and 110 months on Count Two, to run consecutively.  On September 10, 2009, the Fifth Circuit Court of Appeals affirmed.

On May 28, 2016, Petitioner filed the instant § 2255 petition, and on January 7, 2017, he filed an amended petition.  He argues his section 924(c) conviction is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  He claims:  (1) the "crime of violence"

definition in Section 924(c)(3)(B) is unconstitutionally vague in light of *Johnson*, and (2) Hobbs Act robbery offenses are not categorically crimes of violence under Section 924(c)(3)(A). He also claims his sentence should be reduced under Amendment 791 of the sentencing guidelines.

On June 27, 2016, and March 20, 2017, the government filed its responses. On April 3, 2017, Petitioner filed a reply. The Court now finds the petition should be dismissed.

## II.  Discussion

**1.        Statute of Limitations**

Petitioner's claims are barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could

have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the conviction became final when the Supreme Court denied certiorari on April 27, 2010. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (stating finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") Petitioner then had one year, or until April 27, 2011, to file his § 2255 petition. Petitioner did not file his petition until May 28, 2016. The petition is therefore untimely under § 2255(f)(1).

Petitioner relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), to argue his petition is timely under § 2255(f)(3). That section states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") found at 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner's sentence, however, was not increased under the ACCA's residual clause—the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather, Petitioner was sentenced under 18 U.S.C. § 924(c) to a consecutive 110-month term of imprisonment for using and carrying a firearm during a crime of violence. *See In re Fields*, 826 F.3d 785, 786-787 (5th Cir. 2016) (per curiam) (specifically noting that *Johnson* did not address section 924(c)(3)(B)'s residual clause definition of a crime of

violence).

Additionally, Hobbs Act robbery qualifies as a crime-of-violence under 18 U.S.C. § 924(c)(3)(A)'s force clause definition and, therefore, the residual clause found at 18 U.S.C. § 924(c)(3)(B) is not implicated here. *See United States v. Buck*, 847 F.3d 267, 274-275 (5th Cir. 2017), *petition for cert. filed*, No. 16-9034 (U.S. May 1, 2017) (citing the holdings of sister circuits in concluding that "[i]t was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence" under section 924(c)(3)(A)); *see also Hobbs v. United States*, No. 3:16-CV-1139-O, 2017 WL 194291 at *4 (N.D. Tex. 2017) (dismissing section 2255 motion as time barred and holding that "the definition of a Hobbs Act robbery fits under section 924(c)'s force clause, not its residual clause."). Petitioner has therefore failed to show his claims were timely filed.

**2.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to show he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**3.    Amendment 791**

Petitioner argues the district court has the authority under 18 U.S.C. § 3582(c)(2) to reduce his sentence under Amendment 791 of the sentencing guidelines. Amendment 791 adjusted the intended loss amounts described in USSG § 2B3.1 for inflation. (*See* United States Sentencing Guidelines Manual App. C Supp. 2015). Petitioner previously raised this claim in his criminal case. (*See* ECF No. 167 filed in 3:07-CR-285-B.) On June 8, 2017, the district court denied the claim, finding that Amendment 791 does not apply retroactively on collateral review. (ECF No. 171.) Petitioner's claim should therefore be dismissed.

**III.  Recommendation**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed.

Signed this 24th day of August, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).